IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BARRY D. BLOOM, an individual, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CIV-11-438-M |
| ) | |
| EXPRESS SERVICES, INC., a ) | |
| Corporation, and DOES 1 through 20, ) | |
| inclusive, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

Before the Court is Defendant Express Services, Inc.'s Motion for Summary Judgment, filed April 2, 2012. Plaintiff Barry D. Bloom's Opposition to Motion for Summary Judgment was filed April 23, 2012, and defendant Express Services, Inc.'s reply was filed on April 30, 2012. As this matter is ripe for adjudication, the Court makes its determination.

I.   Introduction

On April 24, 2006, Barry D. Bloom ("plaintiff") entered into a written employment agreement with Hallmark National, LLC, a Nevada limited liability company, whereby he agreed to serve as the President and Chief Operating Officer of Hallmark National. Hallmark National also conveyed to plaintiff twenty thousand (20,000) Delta units of capital interest in the company, which later became Claimetrics Management, LLC ("Claimetrics"). Plaintiff became a 21.27% owner of the company. On November 7, 2007, Claimetrics terminated plaintiff's employment with Claimetrics.

On March 17, 2008, plaintiff filed a breach of contract lawsuit in the Superior Court of the State of California for the County of San Mateo against Claimetrics. On March 19, 2010, a jury

1

verdict was returned against Claimetrics awarding $474,000 in damages plus interest to plaintiff. On September 27, 2010, Claimetrics filed for dissolution and closed its doors of operation.

On January 3, 2011, plaintiff filed the instant lawsuit, in the United States District Court, Northern District of California. On April 21, 2011, this lawsuit was transferred to the United States District Court for the Western District of Oklahoma. In the instant lawsuit plaintiff seeks a judicial determination that defendant Express Services, Inc. ("Express") was the alter ego of Claimetrics and/or that Claimetrics served as an agent of Express and that the $474,000 judgment rendered in Bloom v. Claimetrics Management, LLC, a Nevada limited liability company; and DOES 1 through 20 inclusive, Superior Court of the State of California for the County of San Mateo, Case No. CIV 471235, plus interest be enforced against Express. Express now moves for summary judgment in its favor.

II.     Summary Judgment Standard

"Summary judgment is appropriate if the record shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The moving party is entitled to summary judgment where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. When applying this standard, [the Court] examines the record and reasonable inferences drawn therefrom in the light most favorable to the non-moving party." *19 Solid Waste Dep't Mechanics v. City of Albuquerque*, 156 F.3d 1068, 1071-72 (10th Cir. 1998) (internal citations and quotations omitted).

"Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Furthermore, the non-movant has a burden of doing more than simply showing there is some metaphysical doubt as to the material facts.

Rather, the relevant inquiry is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Neustrom v. Union Pac. R.R. Co.*, 156 F.3d 1057, 1066 (10th Cir. 1998) (internal citations and quotations omitted).

III.     Discussion

Local Civil Rule 56(c) states:

> The brief in opposition to a motion for summary judgment (or partial summary judgment) shall begin with a section which contains a concise statement of material facts to which the party asserts genuine issues of fact exist. Each fact in dispute shall be numbered, shall refer with particularity to those portions of the record upon which the opposing party relies and, if applicable, shall state the number of the movant's facts that is disputed. All material facts set forth in the statement of the material facts of the movant may be deemed admitted for the purpose of summary judgment unless specifically controverted by the statement of material facts of the opposing party.

LCvR56(c).

In his response, plaintiff fails to include a section which contains a concise statement of material facts to which he asserts a genuine issue of fact exists or specifically controvert any of the forty-four (44) statements of undisputed material facts set forth in Express' opening brief in support of its motion for summary judgment. The Court therefore, finds the forty-four (44) statements of undisputed material facts set forth in Express' opening brief admitted.

Express contends the forty-four (44) undisputed facts, now admitted, establish that plaintiff's decision to join Claimetrics as its president, CEO and board member was made with full knowledge of the relationship between Claimetrics and Express, and his failure to include Express as a party in the San Mateo County Case now precludes him from recovery against Express. Specifically, Express contends because plaintiff helped create the Claimetrics business plan, which included

requiring Express to guarantee funding for Claimetrics' operations, hiring him as president, CEO and his sitting as a board member with 20% ownership in the company, plaintiff is prohibited from now arguing the relationship between the two companies lacked the appropriate separateness and that an injustice will occur if the Court recognizes the business plan he helped to create.  Express also contends the undisputed facts in this case establish that once employed by Claimetrics plaintiff insisted on controlling  Claimetrics' operations and was fully aware of Express' investment in Claimetrics, as well as Express' ownership interest in Express Hallmark Holding, and Express Hallmark Holding's ownership interest in Claimetrics.  Finally, Express contends the undisputed facts in this case establish that plaintiff has previously recognized the separate corporate existence of Claimetrics by suing Claimetrics on two other occasions and by filing a charge against Claimetrics with the California Department of Labor without including Express as a party.

Upon review of the parties' submissions, the Court finds that Express' undisputed material facts make clear plaintiff's knowledge of the relationship between Express and Claimetrics prior to his employment as president and CEO of Claimetrics.  It also remains undisputed that plaintiff possessed said knowledge and control of Claimetrics prior to filing his claim with the California Department of Labor as well as the filing of his initial and subsequent lawsuits against Claimetrics.  Specifically, plaintiff states during his deposition taken as part of one of the two previous lawsuits he filed against Claimetrics, wherein Express was not listed as a party:

> I wanted to be an owner.  I wanted to have operational control.  I wanted financial commitments that were guaranteed.  I wanted the ability to shape the business and the strategy and then be responsible for and accountable and authoritative in executing that plan strategy.

Exhibit No. 2, Express' brief in support, pg.4.

The undisputed facts also establish that plaintiff became part owner of Claimetrics and had

multiple meetings with some of the senior people at Express prior to working for Claimetrics. (Exhibit No. 2, Express' brief in support, pg. 400). It is also undisputed that plaintiff was part of the process in determining how much capital would be needed from Express to launch the business. (Exhibit No. 2, Express' brief in support, pg. 111). Finally, plaintiff's recognition and acceptance of the separateness of Claimetrics and Express is reflected by his filing a Department of Labor Charge against Claimetrics on February 13, 2008, (Exhibit 11, Express' brief in support), a breach of contract action against Claimetrics Management, LLC, and Hallmark LLC, on March 13, 2008 (Exhibit 14, Express' brief in support) and a second lawsuit wherein both Claimetrics LLC and Express are listed among others as individual defendants on May 6, 2010. (Exhibit 19, Express' brief in support).

In his response plaintiff contends Express exerted undue control over Claimetrics by honoring his demand for funding. Plaintiff also contends undue control by Express was exhibited by both companies being in the same building for some period of time, an overlap of employees and officers and Express' dictating Claimetrics' dress code.

"It is a general principle of corporate law deeply ingrained in our legal system that a corporation is not liable for the acts of its subsidiaries." *U.S. v. Bestfoods,* 524 U.S. 51, 68 (1998). In this case plaintiff seeks a judicial determination that Express, a privately held corporation providing temporary staffing services, temporary employees and workers' compensation coverage for those employees, is the alter ego of Claimetrics, a now defunct limited liability corporation that handled Express' worker's compensation claims, and that a judgment obtained by plaintiff against Claimetrics in the Northern District of the State of California is the responsibility of Express.

Under California law, for a company to be held liable for the acts of a majority-owned

subsidiary, there must be a finding that the parent company is the alter ego of the subsidiary through piercing the corporate veil.  For there to be a piercing of the corporate veil, plaintiff bears the burden of establishing: "(1) that there is such unity of interest and ownership that the legal separateness of the individual and alter ego no longer exist and (2) that the observance of the fiction of separate existence would under the circumstance promote fraud or injustice." *Sonora Diamond Corp. v. Superior Court*, 83 Cal. App.4th 532, 538 (Cal. Ct. App. 2000).

The Court has carefully reviewed the parties' briefs and evidentiary submissions.  Viewing the evidence in the light most favorable to plaintiff and viewing all reasonable inferences in plaintiff's favor, the Court finds plaintiff has not presented sufficient evidence to create a genuine issue of material fact as to whether there is sufficient unity of interest in ownership between Claimetrics and Express to dissolve their separate corporate personalities or that an injustice would result from the continued recognition of them as separate corporate identities.   Specifically, the Court finds plaintiff actively participated in the planning, strategy and operations of Claimetrics and as part owner of Claimetrics has on several occasions previously recognized Claimetrics as a separate legal entity; therefore, no injustice results from this Court's declaration that Express is not the alter ego of  Claimetrics.  Accordingly, the Court finds that Express is entitled to summary judgment.

IV.	Conclusion

For the reasons set forth above, the Court GRANTS Defendant Express Services, Inc.'s Motion for Summary Judgment [docket no. 53].

**IT IS SO ORDERED this 31st day of May, 2012.**

_____
VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE